UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

JANET BOWMAN,                          )
                                       )
    Plaintiff,                         ) Civil Case No. 12-cv-196-JMH
                                       )
v.                                     )
                                       )
LEXINGTON-FAYETTE URBAN COUNTY         ) **MEMORANDUM OPINION**
HOUSING AUTHORITY, et al.,             ) **AND ORDER**
                                       )
    Defendants.                        )

\*\*\*\*\*   \*\*\*\*\*   \*\*\*\*\*

Plaintiff Janet Bowman, proceeding without counsel, has filed a civil rights complaint against the Lexington Fayette Urban County Housing Authority ("LFUCHA")[1], Jim Gray, Mayor of Lexington, Kentucky, and the "Lexington Council Government." [R. 1] Bowman has also filed a motion to waive the $350.00 filing fee based on her limited income and inability to pay the fee. [R. 2]

The information contained in Bowman's fee motion indicates that she lacks sufficient assets or income to pay the $350 filing fee. [R. 2] The Court will therefore waive payment of the fee pursuant to 28 U.S.C. § 1915(a)(1).

A district court must review any complaint filed in an action in which *pauper* status has been granted to determine whether it fails to state a claim upon which relief can be granted, or if it

---

[1] LFUCHA owns and operates the Lexington Housing Authority, which manages and provides affordable public housing funded by the United States Department of Housing and Urban Development. *See* http://www.lexha.org/.

lacks an arguable basis in law or fact. 28 U.S.C. § 1915(e)(2); *Neitzke v. Williams*, 490 U.S. 319 (1989); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996).

## DISCUSSION

Bowman resides in Lexington, Kentucky, in a low cost, federally assisted housing complex. Bowman alleges that criminal activity targeted at elderly residents regularly occurs there. She further indicates that the defendants have damaged and destroyed her vehicle; entered her apartment and intentionally damaged her bed and mattress; kept her in poverty and engaged in hate crimes against her because of her age; refused to employ her because of her age and the fact that she is "different;" failed to have police regularly patrol the complex; and failed to control criminal activity there by installing security cameras.

Beyond alleging these facts, Bowman does not indicate what statutory or constitutional rights the defendants may have violated. The Court liberally construes her complaint, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), as asserting claims pursuant to 42 U.S.C. § 1983 alleging that the defendants violated the Fourteenth Amendment of the United States Constitution, which prohibits state officials from (1) violating a citizen's federal statutory or constitutional rights; (2) depriving a citizen of life, liberty, or property, without due process of law; and (3) denying any person equal protection under the law.

2

Bowman first claims that "the defendants" intentionally damaged her car, and entered her apartment, damaging her bed and mattress in the process. Bowman does not provide the name of any person who allegedly committed these acts, and the only individually named defendant is Lexington Mayor Jim Gray. Assuming that Mayor Gray did not personally destroy Bowman's property, he is not liable for the actions of his subordinates unless he directly ordered or encouraged the specific conduct in question. *Murphy v. Grenier*, 406 F. App'x 972, 974 (6th Cir. 2011). Bowman does not allege that he did so, and the facts as she describes them fail to state a viable claim for relief.

Nor do her allegations state an actionable claim against LFUCHA or the "Lexington City Council." These entities could only be liable if they implemented a policy which was "the moving force" behind a violation of her constitutional rights. *O'Brien v. City of Grand Rapids*, 23 F.3d 990, 1000 (6th Cir. 1994). Bowman identifies no such policy which either permits or condones the conduct about which she complains. Instead, Bowman alleges that the defendants "hate older citizen such as myself who lives in poverty & work to hard to make it work" [R. 1, p. 6] and that they have engaged in hate crimes against her because she is "different" and because she is "an older citizen." [*Id.*] Such broad and conclusory allegations are insufficient to state a claim under Section 1983. *Maldowan v. City of Warren*, 578 F.3d 351, 390-91

3

(6th Cir. 2009); *Ashcroft v. Iqbal*, 556 U.S. 662, 675-676 (2008). Bowman has therefore failed to allege facts warranting municipal liability against LFUCHA on this claim.

Bowman's next allegation, that LFUCHA has discriminated against her because of her age, is in essence a claim that it has denied her equal protection under the law. To establish such a claim, she must show that she is a member of a protected class and that she was intentionally and purposefully discriminated against because of her membership in that protected class. *Boger v. Wayne County*, 950 F.2d 316, 325 (6th Cir. 1991). To demonstrate that the discrimination was purposeful and intentional, Bowman must have alleged that the LFUCHA has a policy or custom to deprive older citizens of services, or benefits, while providing such services, or benefits to other classes, and that age discrimination was the motivation for this disparate treatment. Instead, Bowman alleges only that LFUCHA simply does not like elderly people, a claim insufficient to establish an equal protection violation. *Bell Atlantic v. Twombly*, 550 U.S. 544, 555–57 (2007).

Bowman also alleges that LFUCHA has denied her employment opportunities because of her age, although she provides no factual basis for this assertion. Before a plaintiff may assert a claim of age discrimination in employment pursuant to the Age Discrimination in Employment Act ("ADEA") of 1967, § 2 *et seq.*, 29 U.S.C. § 621 *et seq.*, she must first submit it to the Equal Employment Opportunity

4

Office ("EEOC") for administrative exhaustion. Her construed claim on this issue will be dismissed without prejudice in order to afford her the opportunity to exhaust it administratively prior to filing suit.

Bowman finally claims that the defendants are liable to her because they failed to provide adequate police protection for her housing complex, resulting in acts of vandalism perpetrated by persons unknown. These allegations fail to state a claim of a constitutional dimension because a State does not have an affirmative duty to protect its citizens from private acts of violence. *DeShaney v. Winnebago County Dep't of Social Servs.*, 489 U.S. 189, 196-97 (1989) ("a State's failure to protect an individual against private violence simply does not constitute a violation of the Due Process Clause"); *Caldwell v. City of Louisville*, 120 F. Appx. 566, 572 (6th Cir. 2004); *see also Zebrasky v. Ohio Dept. of Transp.*, 477 N.E.2d 218 (Ohio App. 1984) ("[p]olice protection is a duty owed to the public as a whole but not to any individual member").

## CONCLUSION

Accordingly, **IT IS ORDERED** that:

1. Plaintiff Janet Bowman's motion to proceed *in forma pauperis* [R. 2] is **GRANTED**;

2. Bowman's constitutional claims alleging personal property damage and inadequate police protection in her housing complex,

set forth in her Complaint [R. 1] are **DISMISSED WITH PREJUDICE**;

    3.    Bowman's construed employment discrimination claims under the ADEA are **DISMISSED WITHOUT PREJUDICE**; and

    4.    The Court will enter an appropriate Judgment.

This June 26, 2012.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge