```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF KENTUCKY
```
**CENTRAL DIVISION at LEXINGTON**

```
JANET BOWMAN,                          )
                                       )
     Plaintiff,                        )
                                       )          Civil Case No.
v.                                     )          12-cv-196-JMH
                                       )
LEXINGTON-FAYETTE URBAN                )
COUNTY HOUSING AUTHORITY, et           )
al.,                                   )    MEMORANDUM OPINION & ORDER
                                       )
     Defendants.                       )
```

*** 

The undersigned has received a five page document, dated July 4, 2012, from Plaintiff with respect to the above-referenced matter. While she discusses at length what she perceives to be the undersigned's deficiencies as a judge and a human being, the Court understands her papers to be, in part, a motion to alter, amend, or vacate the Court's June 26, 2012, Judgment with respect to denial of her motion for the undersigned's recusal [DE 4, 6]. For the reasons which follow, her motion will be denied.

In her original motion seeking recusal of the undersigned and assignment of this case to United States District Judge Karl S. Forester, Plaintiff identified only one rationale for her motion for the undersigned's recusal: "[b]ecause Judge Joseph M. Hood goes to my church." The undersigned still does not know whether Plaintiff's statement is true or not. As explained

before, even if her statement is true, it would not require my recusal for she has suggested no facts upon which my "impartiality might reasonably be questioned." 28 U.S.C. § 455(a). To the extent that Plaintiff now asks this Court to reconsider that decision, it declines to do so for she has identified no grounds upon which such relief would be appropriate. *See* Fed. R. Civ. P. 59(e); *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.,* 616 F.3d 612, 615 (6th Cir. 2010) (quoting *Intera Corp. v. Henderson,* 428 F.3d 605, 620 (6th Cir. 2005)) ("A court can grant a motion to amend judgment only if there is '(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice.'"). Accordingly and to the extent that Plaintiff's latest pleading constitutes a motion to alter or amend the Court's June 26, 2012, Judgment with respect to the decision to deny her motion for the undersigned's recusal [DE 4, 6], it is denied.

Plaintiff's latest papers, however, take a different approach than her earlier pleadings. She makes a series of scurrilous and disparaging remarks about the undersigned which appear to be engendered by her disagreement with the Court's decisions in this case. First and foremost, the Court has considered whether her accusations and epithets would require

the undersigned's recusal with respect to her present request for relief.  They do not because it is well established that:

> '[T]he mere fact that a defendant has made derogatory remarks about a judge is insufficient to convince a sane and reasonable mind that the attacked judge is biased or prejudiced....'" [*United States v.*] *Bray,* 546 F.2d [851,] 858 [10th Cir. 1976]. The same is true regarding an objective person, knowing all the facts, assessing whether the judge's impartiality may *reasonably* be questioned. Any other conclusion would allow defendants to cause the recusal of judges simply by making scurrilous and disparaging remarks or charges about them. Permitting parties to manipulate the system with falsehoods or insults in such a manner would be a bizarre application of § 455(a)…

*United States v. Cooley*, 1 F.3d 985, 994 n. 5 (10th Cir. 1993).

Second, to the extent that Plaintiff believes that this Court has denied her relief to which she is entitled, she can appeal this Court's decisions – which are final – to the United States Court of Appeals for the Sixth Circuit.  By contrast, an ad hominem attack on the undersigned does nothing to assist Plaintiff in achieving relief for the wrongs that she believes she has suffered.

Finally, Plaintiff is advised that any such insulting and disrespectful comments directed at the court in the future may result in proceedings to determine whether she should be held in contempt of the court.  Plaintiff should take note and govern herself accordingly.

Accordingly, **IT IS ORDERED:**

(1) that the Clerk shall file Plaintiff's papers, dated July 4, 2012, in the record of this matter; and

(2) that Plaintiff's motion to alter, amend, or vacate the Court's June 26, 2012, Judgment with respect to the denial of her motion for the undersigned's recusal [DE 4, 6] is **DENIED**.

This the 10th day of July, 2012.

Signed By:
*Joseph M. Hood*
Senior U.S. District Judge